UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUNG TRAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>A. CIOLLI, Warden,<br><br>　　　　Respondent. | Case No.: 1:20-cv-01598-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed his original federal petition on November 12, 2020. (Doc. 1.) On November 16, 2020, he filed a First Amended Petition. (Doc. 5.) Petitioner challenges the validity of his sentence imposed by the United States District Court for the Eastern District of New York. As discussed below, the Court will recommend that the petition be SUMMARILY DISMISSED.

**BACKGROUND**

On April 15, 1992, Petitioner was convicted in the United States District Court for the Eastern District of New York of the following counts:

　　a substantive violation of the Racketeer Influenced and Corrupt Organizations
　　("RICO") provisions of the federal criminal code, *see* 1354 18 U.S.C. §§ 1962(c) and

1

> 1963, and of RICO conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963[;] one count of conspiracy to commit an assault with dangerous weapons to maintain or increase [his] position[] in a RICO enterprise in violation of 18 U.S.C. § 1959(a)(6)[;] two counts of conspiracy to commit murder (and in one count also to kidnap) to maintain or increase his position in a RICO enterprise in violation of 18 U.S.C. § 1959(a)(5); four counts of murder (and, as to two counts, kidnapping) to maintain or increase his position in a RICO enterprise in violation of 18 U.S.C. §§ 1959(a)(1) and 2; one count of conspiracy to use extortionate means to collect a debt in violation of 18 U.S.C. § 894; one count of using extortionate means to collect a debt in violation of 18 U.S.C. §§ 894 and 2; three counts of conspiracy to commit extortion in violation of 18 U.S.C. § 1951; and three counts of extortion in violation of 18 U.S.C. §§ 1951 and 2."

United States v. Wong, 40 F.3d 1347, 1353-54 (2d Cir. 1994).

On October 19, 1992, Petitioner was sentenced as follows:

> imprisonment for a [term] of LIFE on counts 1-2, 4, 10, 12-13; 20 years on counts 21-24, 27-28, 31-32; 10 years on counts 3, 11; 3 years on 17, all to run concurrently with the sentence imposed on count 1. Deft shall be on supervised release for a term of 5 years on counts 1-2,4,10,12-13; 3 years on counts 3,11,21-24,27-28,31-32; and 1 year on count 17, All to run concurrently with the sentence imposed on count 1. Deft is to pay a $250,000.00 fine on each count. The payment schedule is to be set by the probation if it finds the deft is able or becomes able to pay the fine. Det shall pay to the United States a special assessment of $850.00, which shall be due immediately.

United States v. Chung, Case No. 1:90-cr-01019-DLI-3 (Doc. 77).

On November 4, 1992, Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals. Id., (Doc. 99). On November 8, 1994, the Second Circuit affirmed the convictions and sentences, but vacated the monetary fines and remanded the case for their reconsideration. Wong, 40 F.3d at 1384. On August 14, 1995, the sentencing court amended the judgment to vacate the fines. The same prison terms were imposed as well as the special assessment fee of $850.00. Chung, Case No. 1:90-cr-01019-DLI-3 (Doc. 254).

On May 9, 1997, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court. Tran v. United States, Case No. 1:97-cv-02709-RR. On November 25, 1997, the district court denied the motion as untimely. Id., (Doc. 7). Petitioner appealed on January 12, 1998, and the appellate court dismissed the appeal on July 20, 1999. Id., (Docs. 9, 13). Petitioner applied for leave to file a successive motion pursuant to § 2255 in the appellate court, but the application was denied on May 23, 2000. Id., (Doc. 16). Petitioner again filed an application for leave to file a successive motion pursuant to § 2255, and that application was denied by the appellate court on August 22, 2000. Id., (Doc. 18). Petitioner filed a third application for leave to file a successive §

2255 motion, and the appellate court denied the application on November 5, 2019, in a reasoned decision. Chung, Case No. 1:90-cr-01019-DLI-3 (Doc. 502).

On November 12, 2020, Petitioner filed the instant habeas petition. He claims his life sentences should be invalidated because he believes he could have paid a fine, and in fact has paid a fine, in lieu of the prison sentences.

## DISCUSSION

I.   Screening of Petition

Rule 4 of the Rules Governing Section 2254 Cases[1] requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8. The Court will exercise its authority under Rule 4 in recommending dismissal of the petition.

II.  Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

3

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1060.

In this case, Petitioner is claiming that the sentencing court sentenced him to prison terms, and alternatively, the payment of fines. He further contends he paid the special assessment fee of $850.00 imposed by the sentencing court. He also contends his defense counsel was ineffective in failing to make it known to Petitioner at the time of resentencing that he could pay a monetary fine in lieu of serving his prison terms. Petitioner is challenging the validity and constitutionality of his sentence as imposed by the United States District Court for the Eastern District of New York. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the New York District Court, not a habeas petition pursuant to § 2241 in this Court. Section 2241 is unavailable, however, because Petitioner does not present a claim of actual innocence.

### A. Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Actual innocence means factual innocence, not mere legal insufficiency. Id. Here, Petitioner makes no claim of being factually innocent of the various charges. Rather, he challenges the sentence imposed. Under the savings clause, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255).

B. Unobstructed Procedural Opportunity

Petitioner fails to demonstrate that he did not have an unobstructed procedural opportunity to present his claims. The claims stem from the sentence imposed by the New York District Court. The bases for his claims were available at the time of resentencing. Nothing stood in Petitioner's way from challenging the sentence imposed at that time, or in any of the subsequent applications for relief.

III. Frivolous Claims

Even were the Court to consider the claims, they are frivolous. Petitioner contends he was sentenced to prison terms, and alternatively, ordered to monetary fines. He claims the fines were vacated before he could pay them, and had he known he could avoid prison by paying the fines, he would have done so. He further states that he paid the $850.00 special assessment "fine" and therefore he should be released from custody. These contentions lack merit.

As set forth above, Petitioner was sentenced to concurrent prison terms, monetary fines, terms of supervised release, and a special assessment fee. Chung, Case No. 1:90-cr-01019-DLI-3 (Doc. 77). Nothing in the judgment reflects that Petitioner had the option to pay the monetary fines in lieu of prison. Rather, Petitioner was sentenced "principally to multiple concurrent terms of life imprisonment for [his] participation in offenses involving murder to maintain or increase [his] position[] in a RICO enterprise." Wong, 40 F.3d at 1355. Petitioner "was also accorded a number of shorter sentences to run concurrently with the principal sentences [and] [t]he district court imposed *concurrent* fines." Id. On appeal, the Second Circuit vacated the monetary fines because the sentencing court failed to take the defendants' indigency into account. Id. at 1383. The prison and supervised released terms, however, were affirmed. Id. at 1384. Thus, Petitioner's argument that he had the option to pay monetary fines rather than serve his prison terms is manifestly wrong.

Petitioner also contends that because he paid the $850.00 special assessment fee, the prison terms should be discharged. Again, the special assessment fee was imposed as part of the sentence, not as an alternative. (Doc. 1 at 15-19); Wong, 40 F.3d at 1355; Chung, Case No. 1:90-cr-01019-DLI-3 (Doc. 77). It is patently incorrect to suggest that Petitioner merely had to pay an $850.00 special assessment fee to forego multiple concurrent life terms imposed for multiple homicides, extortion, and racketeering.

6

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the First Amended Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 17, 2020**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE