UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUNG TRAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>A. CIOLLI, Warden,<br><br>　　　　　Respondent. | No. 1:20-cv-01598-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE<br><br>(Doc. Nos. 1, 7) |

Petitioner Tung Tran is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the spring of 1992, petitioner was tried and convicted in the U.S. District Court for the Eastern District of New York for racketeering, extortion, murder in aid of racketeering, among other charges. (Doc. No. 5, Ex. B at 2.) Petitioner appealed from his judgment of conviction and sentence and the Second Circuit affirmed. *See United States v. Wong*, 40 F.3d 1347, 1384 (2d Cir. 1994). Petitioner is currently serving a life sentence at the United States Penitentiary in Atwater, California. (*Id.* at 10.) In his pending § 2241 petition, petitioner argues that his sentence should be vacated because he was ordered to pay $850 in special assessments as a condition of his discharge from prison and that because he has paid the special assessments, he should now be released from prison. (*Id.* at 2, 9.)

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge. On November 17, 2020, the assigned

1

magistrate judge screened the habeas petition as required by Rule 4 of the Rules Governing Section 2254 Cases, and found that petitioner had failed to satisfy the procedural requirements for filing a § 2241 petition.[1]  (Doc. No. 7 at 3–6.)  Substantively, the magistrate judge also found that petitioner's claims to be meritless because he misinterpreted the terms of the sentence imposed in his case, which required petitioner to both pay the mandatory special assessments *and* serve the sentence of imprisonment imposed.  (*Id.* at 6–7.)  For these reasons, the magistrate judge recommended that the instant petition be dismissed.  (*Id.* at 7.)  On December 4, 2020, petitioner filed objections to the magistrate judge's findings and recommendations.  (Doc. No. 9.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case, including petitioner's objections.  Petitioner argues in his objections that the magistrate judge fails to explain to him the procedural requirements for filing a § 2241 petition.  (*Id.* at 2–3.)  Even were that the case, which it is not, it would not provide a basis for rejecting the pending findings and recommendations.  In any event, the pending findings and recommendations provided a detailed explanation as to the requirements in order to be allowed to proceed under § 2241.  (*See* Doc. No. 7 at 3–6.)  Petitioner also argues that it was contrary to the Double Jeopardy Clause to impose on him the mandatory special assessments in addition to a life term of imprisonment—in other words, according to petitioner, the Constitution prohibits both from being imposed.  (*Id.* at 3–4.)  The court has reviewed the authorities cited by petitioner in support of this contention and finds that they do not support the proposition petitioner asserts.  In sum, the court finds that the magistrate judge's findings and recommendation are supported by the record and proper analysis and should be adopted.

In addition, the court declines to issue a certificate of appealability.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Courts should issue a certificate of appealability only if "reasonable

---

[1] To obtain relief under § 2241, petitioner must "(1) make[] a claim of actual innocence" and show that he "(2) has not had an unobstructed procedural shot at presenting that claim."  *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

2

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The findings and recommendations (Doc. No. 7), filed on November 18, 2020, are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;
3. The court DECLINES to issue a certificate of appealability; and
4. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **January 11, 2021**

UNITED STATES DISTRICT JUDGE

3